| | |
|---|---|
| In re: | Case No. 26-50237 |
| SWIFTSHIPS, LLC,[1] | Chapter 11 |
| *Debtor-in-Possession*. | |

**EXPEDITED MOTION FOR ADMINISTRATIVE ORDER ESTABLISHING
PROCEDURES FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

**NOW INTO COURT,** through undersigned counsel, comes Swiftships, LLC ("Debtor"), who moves for an administrative order establishing procedures for interim compensation and reimbursement of expenses for professionals (the "Motion"). In support, the Debtor represents:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409 because the Debtor's shipbuilding facility is located in Morgan City, LA. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

**BACKGROUND**

2. On March 18, 2026 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue operating its business and managing its properties as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed and no unsecured creditors' committee has been established.

---

[1] The last four digits of the Debtor's federal tax identification number are 8795. The Debtor's mailing address is 1105 Levee Road, Morgan City, LA 70380.

3. The statutory predicate for the relief requested herein is contained in 11 U.S.C. §§ 105(a), 363(c), 1107(a), and 1108.

**RELIEF REQUESTED**

4. The Debtor requests that this Court enter an order establishing certain interim compensation and expense reimbursement procedures for the professionals retained by the Debtor and any official committee and its members, if appointed (collectively, "Professionals").

5. The Debtor requests that procedures for compensating and reimbursing Court-approved Professionals on a monthly basis be established herein. Such an order will permit the Court and all other parties to more effectively monitor the professional fees incurred in this matter.

6. The requested procedures would require Professionals seeking interim compensation from the estate to serve detailed invoices reflecting the services rendered and expenses incurred by each Professional for the prior month, which invoices would be served upon (a) the Debtor, through its counsel of record, (b) the Office of the United States Trustee; and (c) any Unsecured Creditors' Committee, through its counsel of record (collectively, the "Service Parties"). If there is no timely objection, the Professionals would be permitted to be paid eighty percent (80%) of the amount of fees incurred for the month, and one hundred percent (100%) of disbursements for the month. These payments would be subject to the Court's subsequent approval as part of the normal interim fee application process approximately every one hundred and twenty (120) days at which time the Professionals may seek payment of the remaining twenty percent (20%) of the fee (the "Holdback").

7. Specifically, the Debtor proposes that the monthly payment of compensation and reimbursement of expenses of the Professionals be structured as follows:

(a) On or before the fifteenth (15th) day of each month following the month for which compensation is sought, the Professionals may submit a set of invoices (each a "Fee

2

Summary") to the Service Parties. Each such entity receiving a Fee Summary will have ten (10) days from the date of mailing thereof to review the Fee Summary. At the expiration of the ten (10) day period, if no objection (as described below) is made to the Fee Summary, each Professional who submitted a Fee Summary will notify the Debtor, in writing, that no objections have been filed with regard to the Fee Summary. Upon receipt of such notice, the Debtor will pay eighty percent (80%) of the fees and one hundred percent (100%) of the disbursements requested in the Professionals' respective Fee Summaries. Any Professional who fails to file a Fee Summary for a particular month or months may submit a consolidated Fee Summary that includes a request for compensation earned or expenses incurred during previous months. All Fee Summaries shall include the relevant time entry and description and expense detail.

(b)     In the event any of the Service Parties has an objection to the compensation or reimbursement sought in a particular Fee Summary, it will, within ten (10) days of the receipt of the Fee Summary, serve upon (i) the Professional whose Fee Summary is objected to, and (ii) except to the extent duplicative of the foregoing clause (i), the other Service Parties, a written "Notice of Objection to Fee Summary," setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting Service Party or Service Parties and the Professional whose Fee Summary is objected to will attempt to reach an agreement regarding the correct payment to be made. If the parties are unable to reach an agreement on the objection(s) within fifteen (15) days after receipt of such Notice of Objection to Fee Summary, the Professional whose Fee Summary is objected to will have the option of (i) filing the objection(s) together with a request for payment of the disputed amount with the court, or (ii) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the objection(s) if payment of the disputed amount is requested. The Debtor is authorized and directed to pay promptly the balance of the undisputed fees, up to eighty percent (80%), and the balance of the undisputed expenses, up to one hundred percent (100%) that are not the subject of a Notice of Objection to Fee Summary.

(c)     The first Fee Summary shall be submitted to the Service Parties no later than May 15, 2026, and will cover the period from the Petition Date through April 30, 2026. Thereafter, Professionals may submit Fee Summaries in the manner described above.

(d)     Approximately every four (4) months, each of the Professionals shall file with the Court and serve on the Service Parties on or before the forty-fifth (45th) day following the last day of the compensation period for which compensation is sought, an application for interim court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses requested for the prior four (4) months that incorporates the unfiled monthly interim fee applications. Any Professional who fails to file an application when due shall be ineligible to receive further interim payments of fees or expenses as provided herein until such time as the application is submitted. Upon approval of such a

3

quarterly fee application, any Professional will be paid all interim allowed withheld amounts of approved fees and expenses for the applicable period (i.e. the 20% holdback, if applicable).

(e)     The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Fee Summary or quarterly fee application will not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

(f)     Neither (i) the payment of nor the failure to pay, in whole or in part, a Fee Summary or quarterly fee application; or (ii) the filing of nor failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals.

8.     The procedures suggested in this Motion will enable the parties to closely monitor the costs of administration and allow the Debtor to maintain more level cash flow availability and implement efficient cash management procedures.

9.     The Debtor further requests that the Court limit the notice of hearings to consider interim applications to the Service Parties and those parties who have requested notice. Such notice should reach the parties most active in this chapter 11 case and will save the expense of undue duplication and mailing.

10.     The Debtor requests authority to pay the Professional Fees from any of the Debtor's resources.

**BASIS FOR RELIEF**

11.     Section 331 of the Bankruptcy Code provides, in pertinent part, as follows:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the Court not more than once every 120 days after an order for relief in a case under this title, or more often if the Court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

4

12. Section 105(a) of the Bankruptcy Code provides, in pertinent part: "court[s] may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

13. Similar procedures for compensating and reimbursing court-approved professionals have been established in other chapter 11 cases in this state. Such procedures are needed to avoid having professionals fund the reorganization case. *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bank. N.D. Ga. 1981) (court established procedures for monthly interim compensation). Appropriate factors to consider include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtor in providing services necessary to achieve a successful reorganization of the debtor." *Id.* at 897-98. The Debtor submits that the procedures sought herein are appropriate considering the above factors.

14. The Debtor further maintains that the efficient administration of this chapter 11 case will be significantly aided by establishing the foregoing interim compensation and expense reimbursement procedures. Accordingly, the relief requested is in the best interests of the Debtor, its estate and creditors.

**WHEREFORE**, the Debtor requests entry of an Order: (a) establishing procedures for interim compensation of Professionals and reimbursement of expenses of Professionals; and (b) granting such other general and equitable relief as is just and proper.

Date: March 18, 2026

Respectfully submitted by:

*/s/ Ryan J. Richmond*
**STERNBERG, NACCARI & WHITE, LLC**
Ryan J. Richmond (La. Bar No. 30688)
450 Laurel Street, Suite 1450
Baton Rouge, LA 70801-1819
Telephone:    (225) 412-3667

5

Facsimile: (225) 286-3046
Email: ryan@snw.law

*Proposed Interim Attorneys for
Swiftships, LLC*