**SO ORDERED.**

**SIGNED March 30, 2026.**



_____
**JOHN W. KOLWE**
**UNITED STATES BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| In re: | Case No. 26-50237 |
| SWIFTSHIPS, LLC,[1] | Chapter 11 |
| _Debtor-in-Possession_. | |

### O R D E R

**CONSIDERING** the _Emergency Motion For Entry of an Order (i) Authorizing the Debtor to (a) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (b) Continue Employee Benefits Programs, and (ii) Granting Related Relief_ (the "Motion")[2] (ECF No. 10), the record of this case, and applicable law:

**IT IS ORDERED** that the Debtor is authorized, but not directed, in its sole discretion, to continue, modify, change, or discontinue the Compensation and Benefits in the ordinary course of

---

[1] The last four digits of the Debtor's federal tax identification number are 8795. The Debtor's mailing address is 1105 Levee Road, Morgan City, LA 70380.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

business during this chapter 11 case without the need for further Court approval, subject to applicable law and the terms of this Order.

**IT IS FURTHER ORDERED** that nothing herein shall be deemed to authorize the payment of any pre-petition amounts above the statutory cap imposed by section 507(a)(4) and 507(a)(5) of the Bankruptcy Code (the "Priority Amount") with respect to the prepetition amounts owed on account of the Compensation and Benefits, except upon further order of this Court.

**IT IS FURTHER ORDERED** that nothing herein shall be deemed to authorize the payment of any pre-petition amounts which may implicate or be subject to section 503(c) of the Bankruptcy Code; *provided* that nothing in this Order shall prejudice the Debtor's ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

**IT IS FURTHER ORDERED** that the Debtor is authorized, but not directed, in its sole discretion, to forward any unpaid amounts on account of the Payroll Taxes to the appropriate third-party recipients or taxing authorities in the ordinary course of business.

**IT IS FURTHER ORDERED** that nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Compensation and Benefits obligations.

**IT IS FURTHER ORDERED** that, notwithstanding the relief granted in this Order, any payment made or to be made by the Debtor pursuant to the authority granted herein, and any relief or authorization granted herein, shall be subject to and in compliance with each interim and final order entered by the Court in respect to the *Expedited Motion for Entry of Interim and Final Orders (1) Authorizing Use of Cash Collateral; (2) Granting Adequate Protection; and (3) Granting Related Relief* (the "Cash Collateral Motion") (ECF No. 12) including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof.

**IT IS FURTHER ORDERED** that, notwithstanding anything to the contrary herein, nothing contained in the Motion or any actions taken pursuant to this Order granting the relief requested by the Motion is intended as or should be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, priority, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtor's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; (g) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law; (h) a concession that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (i) a waiver of the obligation of any party in interest to file a proof of claim; or (j) otherwise affecting the Debtor's rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

**IT IS FURTHER ORDERED** that the banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are

3

authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Order.

**IT IS FURTHER ORDERED** that Debtor is authorized, but not directed, to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this chapter 11 case with respect to pre-petition amounts owed in connection with the relief granted herein.

**IT IS FURTHER ORDERED** that any party that accepts payments from the Debtor pursuant to this Order is deemed to have voluntarily submitted themselves to the jurisdiction of this Court.

**IT IS FURTHER ORDERED** that nothing in this Order authorizes or directs the Debtor to accelerate any payments not otherwise due.

**IT IS FURTHER ORDERED** that the contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

**IT IS FURTHER ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), and the Bankruptcy Local Rules.

**IT IS FURTHER ORDERED** that, notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

**IT IS FURTHER ORDERED** that the Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

**IT IS FURTHER ORDERED** that this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

Respectfully submitted by:

*/s/ Ryan J. Richmond*
**STERNBERG, NACCARI & WHITE, LLC**
Ryan J. Richmond (La. Bar No. 30688)
450 Laurel Street, Suite 1450
Baton Rouge, LA 70801-1819
Telephone:     (225) 412-3667
Facsimile:      (225) 286-3046
Email:             ryan@snw.law

*Interim Attorneys for Swiftships, LLC*