**SO ORDERED.**

**SIGNED April 1, 2026.**



_____
**JOHN W. KOLWE**
**UNITED STATES BANKRUPTCY JUDGE**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| In re: | Case No. 26-50237 |
| SWIFTSHIPS, LLC,[1] | Chapter 11 |
| _Debtor-in-Possession_. | |

### O R D E R

CONSIDERING the _Expedited Motion for Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals_ (the "Motion") (ECF No. 11) filed by Swiftships, LLC (the "Debtor"), the record of this case, and applicable law:

IT IS ORDERED that, except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all professionals whose retention is subject to approval of

---

[1] The last four digits of the Debtor's federal tax identification number are 8795. The Debtor's mailing address is 1105 Levee Road, Morgan City, LA 70380.

the Court in this bankruptcy case (this "Chapter 11 Case") may seek interim compensation in accordance with the following procedures:

(a) On or before the fifteenth (15th) day of each month following the month for which compensation is sought, the Professionals may submit a set of invoices (each a "Fee Summary") to the Service Parties. Each such entity receiving a Fee Summary will have ten (10) days from the date of mailing thereof to review the Fee Summary. At the expiration of the ten (10) day period, if no objection (as described below) is made to the Fee Summary, each Professional who submitted a Fee Summary will notify the Debtor, in writing, that no objections have been filed with regard to the Fee Summary. Upon receipt of such notice, the Debtor will pay eighty percent (80%) of the fees and one hundred percent (100%) of the disbursements requested in the Professionals' respective Fee Summaries. Any Professional who fails to file a Fee Summary for a particular month or months may submit a consolidated Fee Summary that includes a request for compensation earned or expenses incurred during previous months. All Fee Summaries shall include the relevant time entry and description and expense detail.

(b) In the event any of the Service Parties has an objection to the compensation or reimbursement sought in a particular Fee Summary, it will, within ten (10) days of the receipt of the Fee Summary, serve upon (i) the Professional whose Fee Summary is objected to, and (ii) except to the extent duplicative of the foregoing clause (i), the other Service Parties, a written "Notice of Objection to Fee Summary," setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting Service Party or Service Parties and the Professional whose Fee Summary is objected to will attempt to reach an agreement regarding the correct payment to be made. If the parties are unable to reach an agreement on the objection(s) within fifteen (15) days after receipt of such Notice of Objection to Fee Summary, the Professional whose Fee Summary is objected to will have the option of (i) filing the objection(s) together with a request for payment of the disputed amount with the court, or (ii) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the objection(s) if payment of the disputed amount is requested. The Debtor is authorized and directed to pay promptly the balance of the undisputed fees, up to eighty percent (80%), and the balance of the undisputed expenses, up to one hundred percent (100%) that are not the subject of a Notice of Objection to Fee Summary.

(c) The first Fee Summary shall be submitted to the Service Parties no later than May 15, 2026, and will cover the period from the Debtor's Petition Date through April 30, 2026. Thereafter, the Professionals may submit Fee Summaries in the manner described above.

(d) Approximately every four (4) months, each of the Professionals shall file with the Court and serve on the Service Parties on or before the forty-fifth (45th) day following the last day of the compensation period for which compensation is

2

sought, an application for interim court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses requested for the prior four (4) months that incorporates the unfiled monthly interim fee applications. Any Professional who fails to file an application when due shall be ineligible to receive further interim payments of fees or expenses as provided herein until such time as the application is submitted. Upon approval of such a quarterly fee application, any Professional will be paid all interim allowed withheld amounts of approved fees and expenses for the applicable period (i.e. the 20% holdback, if applicable).

(e)     The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Fee Summary or quarterly fee application will not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

(f)     Neither (i) the payment of nor the failure to pay, in whole or in part, a Fee Summary or quarterly fee application; or (ii) the filing of nor failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals.

**IT IS FURTHER ORDERED** that nothing herein shall be deemed or construed as a cap on compensation or reimbursement of expenses sought by professionals pursuant to an interim or final application for allowance of administrative expenses.

**IT IS FURTHER ORDERED** that this Court will retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #

Respectfully submitted by:

*/s/ Ryan J. Richmond*
**STERNBERG, NACCARI & WHITE, LLC**
Ryan J. Richmond (La. Bar No. 30688)
450 Laurel Street, Suite 1450
Baton Rouge, LA 70801-1819
Telephone:     (225) 412-3667
Facsimile:     (225) 286-3046
Email:          ryan@snw.law

*Interim Attorneys for Swiftships, LLC*

3