# Exhibit 1

**Admitted to Practice in LA, TX, MS and DC.**

**Business Bankruptcy Law Specialist,**
**Certified by the Louisiana Board of Legal Specialization &**
**American Board of Certification**

Clients: the attorney-client privilege protects this e-mail. Other attorneys: we may have a joint representation, defense or prosecution agreement that could create a privilege. No matter who you are, please keep this e-mail confidential. If you've received it in error or by mistake, please let me know and delete the message.

---

**From:** Haugen, Anna (USTP) <Anna.Haugen@usdoj.gov>
**Sent:** Thursday, May 7, 2026 9:32 PM
**To:** Ryan Richmond <ryan@snw.law>; Drew, Richard H. (USTP) <Richard.H.Drew@usdoj.gov>
**Cc:** Amelia L. Hurt <amelia.hurt@kellyhart.com>; Danielle Mashburn-Myrick (8202) <danielle.mashburn-myrick@phelps.com>; Claire Campbell <Claire.Campbell@phelps.com>; Woodruff, Samantha (USTP) <Samantha.Woodruff@usdoj.gov>; Constantini, Antony (USTP) <Antony.Constantini@usdoj.gov>
**Subject:** RE: Swiftships, LLC, Declaration Regarding Administration of Oath

Ryan:

The 341(a) meeting is a formal, recorded, sworn proceeding where the U.S. Trustee requires the individual(s) who signed the petition, schedules, and SOFA to appear and provide mandatory testimony. This testimony includes, *inter alia*, whether they signed all documents and verifying that they read and reviewed all documents before signing.

While the U.S. Trustee often allows additional representatives to testify alongside the signatory—provided counsel can verify their identity—the core signatory must be present for examination. While meetings are frequently held via Zoom or telephone now, the standard for verification—typically requiring a government-issued photo ID and proof of Social Security number—remains a prerequisite for being placed under oath.

Given these requirements, are you saying that Mr. Shah will not appear via phone to be examined?

---

**From:** Ryan Richmond <ryan@snw.law>
**Sent:** Thursday, May 7, 2026 6:05 PM
**To:** Haugen, Anna (USTP) <Anna.Haugen@usdoj.gov>; Drew, Richard H. (USTP)

<Richard.H.Drew@usdoj.gov>
**Cc:** Amelia L. Hurt <amelia.hurt@kellyhart.com>; Danielle Mashburn-Myrick (8202) <danielle.mashburn-myrick@phelps.com>; Claire Campbell <Claire.Campbell@phelps.com>; Woodruff, Samantha (USTP) <Samantha.Woodruff@usdoj.gov>
**Subject:** [EXTERNAL] RE: Swiftships, LLC, Declaration Regarding Administration of Oath

Anna,

In a chapter 11 case where the debtor is a limited liability company, the debtor may designate a different representative to appear and testify at the § 341(a) meeting of creditors than the individual who signed the schedules and statement of financial affairs.

The Bankruptcy Code and Rules do not require that the person who signed the petition, schedules, or SOFA must also testify at the § 341 meeting. Instead, because an LLC is an artificial entity, it must act through a natural person who is authorized and sufficiently knowledgeable to testify on behalf of the debtor concerning its financial affairs, assets, liabilities, operations, and the information contained in the schedules and SOFA.

The governing authority is primarily:

- 11 U.S.C. § 343, which requires "the debtor" to appear and submit to examination under oath; and
- Fed. R. Bankr. P. 9001(b)(5), which provides that when an act is required to be performed by a debtor and the debtor is not a natural person, the act may be performed by an authorized agent, attorney-in-fact, or officer.

For LLCs and corporations, your office routinely permits another manager, officer, member, employee, restructuring officer, or other authorized representative to testify so long as the person:

1. has authority to testify on behalf of the entity;
2. is reasonably familiar with the debtor's operations and financial affairs; and
3. can answer questions regarding the schedules, SOFA, assets, liabilities,

bank accounts, transfers, and business operations.

For example, in *In re Porte Rouge Enterprises, LLC*, 24-10264 (Bankr. E.D. La.) (subchapter V case in which Amanda George was the trial attorney for the US Trustee and Army Long was the subchapter V trustee), one of the debtor's managers, Ryan Thomas, appeared and testified at the § 341(a) meeting of creditors even though his sister, Karen Cantrelle, signed the petition, schedules, and SOFA as the debtor's authorized representative. Ms. Cantrelle was a 50% member of the debtor whereas her brother, Mr. Thomas, was indirectly a member through a Georgia LLC. Similarly, in *Genesis Venture Logistics, L.L.C.*, 20-11419 (Bankr. E.D. La.) (chapter 7 case in which Christy Bergeron was the trial attorney for the US Trustee), the debtor's attorney in certain state court litigation, Paul Lynch, appeared and testified at the meeting of creditors even though he was not a member or manager of the debtor and did not sign the petition, schedules, and SOFA on its behalf. In each instance, the individual testifying on behalf of the LLC-debtor had the requisite competency to testify at the § 341(a) meeting of creditors. Although these were both Eastern District cases, I am not aware of any rule or guideline that requires a different result in the Western District.

Today, Swiftships made available:

1. Omer Saaed, CFO;
2. Mike Poel, CEO; and
3. Saadia Iqbal, VP Human Resources.

Each of these individuals has the requisite knowledge and familiarity with Swiftships' schedules, SOFA, assets, liabilities, bank accounts, transfers, and business operations. These individuals appeared on behalf of Swiftships during the initial debtor interview. Your office did not raise any objections then.

We appreciate your attention to this issue and will continue to cooperate in facilitating the continued § 341(a) meeting of creditors. However, for the reasons outlined above, Swiftships maintains that the appearance of the knowledgeable and authorized representatives identified above satisfies the

requirements of § 343 and Rule 9001(b)(5), regardless of whether those individuals signed the petition, schedules, or SOFA.

Best regards,
Ryan

**Ryan J. Richmond**

**Sternberg, Naccari & White, LLC**
450 Laurel Street, Suite 1450 | Baton Rouge, LA 70801
Direct: (225) 412-3667 | Fax: (225) 286-3046 | Mobile: (225) 572-2819
ryan@snw.law | www.snw.law

**Admitted to Practice in LA, TX, MS and DC.**

**Business Bankruptcy Law Specialist,**
**Certified by the Louisiana Board of Legal Specialization &**
**American Board of Certification**

Clients: the attorney-client privilege protects this e-mail. Other attorneys: we may have a joint representation, defense or prosecution agreement that could create a privilege. No matter who you are, please keep this e-mail confidential. If you've received it in error or by mistake, please let me know and delete the message.

---

**From:** Haugen, Anna (USTP) <Anna.Haugen@usdoj.gov>
**Sent:** Thursday, May 7, 2026 2:59 PM
**To:** Ryan Richmond <ryan@snw.law>; Drew, Richard H. (USTP) <Richard.H.Drew@usdoj.gov>
**Cc:** Amelia L. Hurt <amelia.hurt@kellyhart.com>; Danielle Mashburn-Myrick (8202) <danielle.mashburn-myrick@phelps.com>; Claire Campbell <Claire.Campbell@phelps.com>; Woodruff, Samantha (USTP) <Samantha.Woodruff@usdoj.gov>
**Subject:** Swiftships, LLC, Declaration Regarding Administration of Oath

Dear Ryan,

Following this afternoon's 341 meeting of creditors, I am forwarding a *Declaration Regarding Administration of Oath and Confirmation of Identity*. Please complete this form for each individual testifying on behalf of the Debtor, as I will have you administer the oath to each

representative at our next meeting. It is imperative that any representative appearing to testify has had their identity verified in advance. Furthermore, please be advised that I will require this form to be completed in all future Chapter 11 cases filed by your office.

As noted during the hearing, the presence of Shahraze Shah is indispensable to certify the accuracy of the petition, schedules, and SOFA, which he executed on behalf of the Debtor. Please be aware that the meeting of creditors cannot be concluded without his appearance.

Kindly provide Mr. Shah's availability for next Monday through Friday at your earliest convenience.

Best regards

Anna Haugen
Trial Attorney
U.S. Department of Justice
United States Trustee Program
Western District of Louisiana
300 Fannin, Room 3196
Shreveport LA 71101
(318) 676-3554
Anna.Haugen@usdoj.gov

Confidentiality Notice: The information and attachments contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2510, et seq., and may also be protected by attorney-client and/or the attorney/work product privileges. It may contain "Limited Official Use" (LOU) material and is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify me by telephone at (318) 676-3484 and return the original message to me at Anna.Haugen@usdoj.gov. Thank you.