AIN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| In re:<br><br>SWIFTSHIPS, LLC,[1]<br><br>*Debtor-in-Possession.* | Case No. 26-50237<br><br>Chapter 11 |

**EXPEDITED MOTION TO APPOINT A JUDICIAL MEDIATOR**

**NOW INTO COURT**, through undersigned counsel, comes Swiftships, LLC (the "Debtor"), who moves for the appointment of a mediator. In support, the Debtor represents:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a "core" proceeding within the meaning of 28 U.S.C. § 157(b). The Debtor confirms its consent to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this Chapter 11 case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

[1] The last four digits of the Debtor's federal tax identification number are 8795. The Debtor's mailing address is 1105 Levee Road, Morgan City, LA 70380.

## <u>RELIEF REQUESTED</u>

3. The Debtor request the appointment of a judicial mediator for the purpose of resolving the claim of the United States Navy (the "<u>Navy</u>").

## <u>BACKGROUND</u>

4. On March 18, 2026 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since that time the Debtor has continued to operate and manage its properties as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

5. The Debtor is engaged in the business of shipbuilding and marine manufacturing. In the ordinary course of its business, the Debtor designs, constructs, repairs, and services both civilian and military vessels. Its operations involve long-term construction contracts, substantial vendor coordination, payroll obligations, materials procurement, and project-specific cash administration.

6. The Debtor's operations include four shipbuilding and maritime-related programs involving domestic defense, foreign military, and direct commercial vessel production efforts. Collectively, these programs generate contract-related receipts, vendor obligations, procurement costs, labor expenses, and performance-related disbursements that are administered through the Debtor's existing cash management system.

7. On September 11, 2026, the Navy filed a proof of claim (Claim 45) in the aggregate amount of $104,535,939.98. Although the Debtor has not formally objected

to the Navy's claim, the Debtor disputes that the Navy is the holder of an allowed claim, secured, unsecured, or otherwise.

8. Rather than conduct an examination pursuant to FED. R. BANKR. P. 2004 and file a claim objection, which would commence costly and time-consuming litigation, the Debtor, in an exercise of its business judgment, believes that mediation is a more cost effective and streamlined approach for resolving the dispute with the Navy. Upon information and belief, the Official Committee of Unsecured Creditors (the "Committee") shares this perspective.

## GROUNDS FOR RELIEF

9. Section 105(a) of the Bankruptcy Code empowers this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Bankruptcy Rule 1001 further enables this Court to oversee this Chapter 11 Case in a manner that "secure[s] the just, speedy, and inexpensive determination of every case and proceeding." FED. R. BANKR. P. 1001(a). Under LBR 9019-2 and on the motion of any party or party-in-interest, this Court may order parties to participate in mediation. LBR 9019-2.

10. The Debtor requests the appointment of a judicial mediator to mediate and facilitate the resolution of the Navy's claim. The Debtor requires the assistance of a judicial mediator to advance ongoing, complex negotiations essential to the formulation of a consensual plan of reorganization in this chapter 11 case.

11. The retention and assistance of a judicial mediator will further the expeditious resolution of remaining disagreements, further the efficient

administration of the Debtor's estate and formulation of a consensual plan of reorganization, and avoid protracted and potentially unnecessary litigation.

12. The retention of a judicial mediator is in the best interest of the estate, the creditors, and other parties-in-interest.

**WHEREFORE**, the Debtor respectfully requests the entry of an order: (a) appointing a judicial mediator; and (b) granting such further and other relief as the Court deems just and proper.

Dated: November 13, 2026

Respectfully Submitted:

**/s/ Ryan J. Richmond**
**STERNBERG, NACCARI & WHITE, LLC**
Ryan J. Richmond (La. Bar No. 30688)
450 Laurel Street, Suite 1450
Baton Rouge, LA 70801
Telephone: (225) 412-3667
Facsimile: (504) 534-8961
Email: ryan@snw.law

*Attorneys for Swiftships, LLC*