IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| In re:<br><br>SWIFTSHIPS, LLC,[1]<br><br>*Debtor-in-Possession.* | Case No. 26-50237<br><br>Chapter 11 |

**MOTION FOR EXPEDITED CONSIDERATION**

**NOW INTO COURT**, through undersigned counsel, comes Swiftships, LLC (the "Debtor"), who moves for expedited consideration of the *Expedited Motion to Appoint a Judicial Mediator* (the "Motion"). (ECF No. 171). In support, the Debtor represents:

1. On March 18, 2026, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On March 18, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since that time the Debtor has continued to operate and manage its properties as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. The Debtor is engaged in the business of shipbuilding and marine manufacturing. In the ordinary course of its business, the Debtor designs, constructs, repairs, and services both civilian and military vessels. Its operations involve long-

[1] The last four digits of the Debtor's federal tax identification number are 8795. The Debtor's mailing address is 1105 Levee Road, Morgan City, LA 70380.

term construction contracts, substantial vendor coordination, payroll obligations, materials procurement, and project-specific cash administration.

4. The Debtor's operations include four shipbuilding and maritime-related programs involving domestic defense, foreign military, and direct commercial vessel production efforts. Collectively, these programs generate contract-related receipts, vendor obligations, procurement costs, labor expenses, and performance-related disbursements that are administered through the Debtor's existing cash management system.

5. On September 11, 2026, the Navy filed a proof of claim (Claim 45) in the aggregate amount of $104,535,939.98. Although the Debtor has not formally objected to the Navy's claim, the Debtor disputes that the Navy is the holder of an allowed claim, secured, unsecured, or otherwise.

6. Rather than conduct an examination pursuant to FED. R. BANKR. P. 2004 and file a claim objection, which would commence costly and time-consuming litigation, the Debtor, in an exercise of its business judgment, believes that mediation is a more cost effective and streamlined approach for resolving the dispute with the Navy.

7. To facilitate an expeditious resolution of the Navy's claim so that his case may proceed towards confirmation, the Debtor submits that expedited consideration is necessary.

8. Undersigned counsel has communicated with counsel for the Committee, the U.S. Trustee, and the Navy concerning the request for expedited

consideration. Undersigned counsel represents that the Committee and the U.S. Trustee, through counsel, are not opposed to expedited consideration of the Motion. The Navy, through counsel, opposes expedited consideration.

9. Accordingly, the Debtor requests that the Court set an expedited hearing on the Motion for November 17, 2026, at 2:30 p.m. Central Time.

**WHEREFORE**, the Debtor requests that this Court enter an order: (a) setting an expedited hearing on the Motion for November 17, 2026, at 2:30 p.m. Central Time; and (b) granting such further and additional relief as the facts may warrant and justice so requires.

Dated: November 13, 2026

Submitted by:

**/s/ Ryan J. Richmond**
**STERNBERG, NACCARI & WHITE, LLC**
Ryan J. Richmond (La. Bar No. 30688)
450 Laurel Street, Suite 1450
Baton Rouge, LA 70801
Telephone: (225) 412-3667
Facsimile: (504) 534-8961
Email: ryan@snw.law

*Attorneys for Swiftships, LLC*